**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jan 30 2014, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHEAL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CASEY M. JORDAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1307-CR-355 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1303-FB-44

**January 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following his conviction for indirect contempt of court, arising from the violation of a no-contact order, Casey M. Jordan ("Jordan") appeals his 180-day sentence with no credit time.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In March 2013, the State charged Jordan with Class B felony attempted robbery, Class B felony unlawful possession of a firearm by a serious violent felon, and Class B misdemeanor false informing. At his initial hearing on March 8, 2013, the trial court issued a "No Contact Order" against Jordan, which restricted him from having any contact with L.N., who was Jordan's former girlfriend and the victim of the attempted robbery. *Appellant's App*. at 20-22. Among other restrictions, Jordan was ordered to have no contact with L.N. "in person, by telephone or letter, through an intermediary, or in any other way, directly or indirectly." *Id*. at 20. The No Contact Order specifically provided, "This provision shall also be effective even if the defendant has not been released from lawful detention." *Id*. at 21. Jordan admits that the No Contact Order was served upon him "in open court at his initial hearing." *Appellant's Br*. at 2.

On May 2, 2013, Jordan mailed a letter to L.N. from the Allen County Jail. Once it arrived, L.N. recognized Jordan's handwriting and immediately notified the police about the letter. A few weeks later, the State filed an information for contempt, alleging that Jordan's letter violated the No Contact Order. The trial court conducted a hearing on the allegation of contempt and, after determining that Jordan did willfully and intentionally violate the No Contact Order, found Jordan was "in indirect contempt of court." *Tr*. at 28.

2

The trial court sentenced Jordan to 180 days in the Allen County Jail with no credit time. Jordan now appeals.

## DISCUSSION AND DECISION

As our court recently said:

> Contempt is a "*sui generis* proceeding neither civil nor criminal in nature, although both of those labels are used to describe certain categories of contempt." Contempt proceedings may be generally categorized as civil or criminal, according to the nature and purpose of the sanction imposed. A civil contempt is a violation of a court order resulting in a proceeding for the benefit of the aggrieved party. As such, any type of penalty in a civil contempt proceeding must be coercive or remedial in nature. By contrast, a criminal contempt is an act directed against the dignity and authority of the court that obstructs the administration of justice and tends to bring the court into disrepute. Accordingly, a criminal contempt sanction is punitive in nature because its purpose is to vindicate the authority of the court, and it benefits the State rather than the aggrieved party.
>
> Contempt may also be direct or indirect. Direct contempt involves action in the presence of the court, such that the court has personal knowledge of it. Indirect contempt undermines the orders or activities of the court but involves action outside the trial court's personal knowledge.

*Wilson v. State*, 988 N.E.2d 1211, 1218 (Ind. Ct. App. 2013) (citations omitted) (footnote omitted). Here, the State filed an information alleging that Jordan's letter to L.N. constituted contempt of the trial court's No Contact Order, and upon finding contempt, the trial court imposed a sanction that was punitive in nature. While Jordan does not specify the nature of the contempt finding, the above factors make clear that the sentence at issue was entered because Jordan committed indirect criminal contempt.

Jordan concedes that he "did knowingly violate the No Contact Order"; accordingly, he does not appeal the trial court's finding that he was in contempt of that order. *Appellant's Br*. at 8. Jordan's sole contention on appeal is that his 180-day sentence is

inappropriate, and he invites this court to reduce his sentence.

Contempt of court involves "disobedience of a court which undermines the court's authority, justice, and dignity." *City of Gary v. Major,* 822 N.E.2d 165, 169 (Ind. 2005). The authority of a court to sanction a party for contempt is among the inherent powers of a court to maintain its dignity, secure obedience to its process and rules, rebuke interference with the conduct of business, and punish unseemly behavior. *Id.* In *Jones v. State,* 847 N.E.2d 190 (Ind. Ct. App 2006), *trans. denied,* we discussed the appellate review of sentences imposed after a finding of contempt. Specifically, we noted:

> [B]efore its repeal in 1987, Indiana Code Section 34-4-7-6 limited punishment for contempt to a fine of $500.00 and/or imprisonment of no more than three months. We have recognized, "in the absence of the statute, the power to punish contempt is limited by reasonableness." In *Hopping* [*v. State,* 637 N.E.2d 1294, 1297 (Ind. 1994), *cert. denied,* 513 U.S. 1017 (1994))], our Supreme Court noted that punishment for contempt is "generally a matter left to the sound discretion of the trial court" and then applied the "manifestly unreasonable" standard. Under the manifestly unreasonable standard, a reviewing court did not revise a sentence "authorized by statute" unless it determined that "no reasonable person could find the sentence appropriate given the particular offense and character of the offender."[1] Now, however, we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B) (2005). However, both the old and the new standards for revising sentences apply to sentences "authorized by statute." Because there is no longer a statute setting out the punishment for contempt, it is unclear whether Appellate Rule 7(B) should apply in reviewing contempt sentences. Nevertheless, under an inappropriateness, manifestly unreasonable, or simple reasonableness test, Jones's sentence of approximately one hundred and two days passes muster.

---

[1] While the contempt at issue in *Hopping* was "direct criminal contempt," and not indirect criminal contempt as in the instant case, we do not find that difference is significant to our analysis. *Hopping v. State,* 637 N.E.2d 1294, 1296 (Ind. 1994), *cert. denied,* 513 U.S. 1017 (1994).

*Jones*, 847 N.E.2d at 201-02 (citations omitted).

Here, Jordan does not dispute that it was within the trial court's discretion to impose a sentence of 180 days for his indirect criminal contempt.[2] *Appellant's Br*. at 10. Accordingly, the problem where there is no punishment authorized by statute, as in the present case, is less pressing. Although Jordan does not explicitly cite to Indiana Appellate Rule 7(B) as the benchmark for our review, he did use the word "appropriate" during both his contempt hearing[3] and on appeal,[4] and we find that Rule 7(B) is applicable here.

Although a trial court may have acted within its lawful discretion in imposing a sentence, "the Indiana Constitution authorizes independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court 'may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Bryant v. State*, 984 N.E.2d 240, 252 (Ind. Ct. App. 2013), *trans. denied* (quoting *Reid v. State,* 876 N.E.2d 1114, 1116 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* In making this

---

[2] Jordan concedes that "[s]entences up to six months may be imposed for contempt without guilt or innocence being determined by jury." *Appellant's Br*. at 10.

[3] At the close of the contempt hearing, Jordan asked the court to consider the content of the letter to L.N.; specifically, to note that it contained no threats and that its language did not attempt to coerce or change a witness's testimony. *Tr*. at 24. Jordan requested that the trial court "impose a sentence of imprisonment and suspend it upon further compliance with the Court's . . . no contact order." *Id*. at 25. "[C]onsidering what was stated or not stated in the letter," Jordan asserted, "I think that is the *appropriate* result." *Id*. (emphasis added).

[4] In his brief, Jordan asserted, "The more *appropriate* sanction would have been one that attempted to correct Mr. Jordan's behavior rather than just punishing it." *Appellant's Br*. at 11 (emphasis added).

determination, we may look to any factors appearing in the record. *Id.* (citing *Calvert v. State,* 930 N.E.2d 633, 643 (Ind. Ct. App. 2010)).

Jordan maintains that the 180-day sentence was excessive, and argues in his brief:

> The trial court failed to recognize the circumstances surrounding [his] violation of the No Contact Order. First and foremost was the content of the letter. It appeared to have been mailed from the Allen County jail on May 2, 2013, approximately two (2) months after Mr. Jordan was arrested. There was no mention of any threats or coercion designated to intimidate [L.N.]. Further, the tone of the letter was one of reconciliation and forgiveness, rather than retribution. Mr. Jordan expressed encouragement to [L.N.] for her new job and for "getting out of the clubs." These words are not deserving of the maximum possible sentence for contempt. There was no direct physical contact. Mr. Jordan did not send any other person to visit [L.N.] on his behalf and he did not call her. In fact, the contact was had in the most unobtrusive way possible. Had [L.N.] not wanted any contact from Mr. Jordan, she could have discarded the letter without reading it because its envelope clearly indicated that it was from him.

*Appellant's Br.* at 10-11. Jordan made a similar argument to the trial court at the close of his contempt hearing. *Tr.* at 24-25. The trial court was not persuaded. Noting that Jordan had "acted willfully and intentionally in disobeying the no contact order by writing the letter to [L.N.]," the trial judge stated that he had reviewed the letter and "disagree[d] with [Jordan's] attorney as to the nature of the letter. He indicate[d] it[']s fairly harmless. I don't read it that way at all." *Id.* at 28.

Here, assuming without deciding that the nature of Jordan's contempt was not remarkable, Jordan has failed to show that his sentence is inappropriate in light of his character. In March 2013, the State charged Jordan with Class B felony attempted robbery, Class B felony unlawful possession of a firearm by a serious violent felon, and Class B misdemeanor false informing. The No Contact Order was entered at Jordan's initial

6

hearing in connection with these charges. To be categorized as a serious violent felon, Jordan had to have a criminal history that included a conviction for at least one of the crimes designated in Indiana Code section 35-47-4-5. There are twenty-seven crimes listed in that section. While varied, those crimes include crimes like murder, rape, child molesting, robbery, stalking, and dealing or manufacturing various controlled substances. We cannot say that a sentence of 180 days with no credit[5] time was inappropriate in light of Jordan's character.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.

---

[5] While Jordan makes no argument regarding the impropriety of the trial court's determination that credit time would not apply to the 180-day sentence, we note that such a claim would likewise have been unsuccessful. *See Jones v. State,* 847 N.E.2d 190, 201 (Ind. Ct. App 2006), *trans. denied* (holding that Indiana Code sections 35-50-6-3 and 35-50-6-4, pertaining to credit time, did not apply to defendant's sentence for criminal contempt).